*881
ORDER OF DISBARMENT

¶ 1. This matter came before the Court sitting en banc on the Mississippi Bar’s formal complaint against attorney William S. Montgomery.
¶ 2. Montgomery was disbarred by the State Bar of Texas from the practice of law in that state and ordered to pay restitution to Dan R. Wise in the amount of $101,983.38, and attorney fees to the Chief Disciplinary Counsel, State Bar of Texas in the amount of $2,400. The Texas court entered an order imposing disbarment against Montgomery on January 23, 2003, for violating Texas’s Rules of Discipline: l:01(b)(2) failing to carry out completely the obligations owed to a client; 1.03(a) failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable request for information; 1.14(a) failing to hold funds and other property belonging in whole or part to clients or third persons in a lawyer’s possession separate from the lawyer’s own property; 1.14(b) failing, upon receiving funds or other property in which a client or third person has an interest, to promptly notify the client or third person and render a full accounting upon request; 8.04(a)(2) committing a serious crime or any other criminal act that reflects adversely on the lawyer’s honesty, trustworthiness and fitness a lawyer in other respects; and 8.04(a)(3) engaged in conduct involving dishonesty, fraud, deceit or misrepresentation of the Texas Disciplinary Rules of Professional Conduct, Article X, Section 9, State Bar Rules, effective January 1, 1990. The Mississippi Bar attached the Texas court’s certified disbarment judgment and its findings of fact and conclusions of law to its complaint filed with this Court.
¶ 3. The Texas court’s findings of fact and conclusions of law included the following facts:
1. In 1993, Dan R. Wise (Wise) retained Montgomery for tax planning and family estate services. Wise paid Montgomery $12,000.
2. On or about June 21, 1995, Wise entrusted his entire life savings of $102,000 with Montgomery to invest in certificates of deposit.
3. Montgomery commingled, misappropriated and/or converted Wise’s entire life savings. Wise suffered the loss of the initial $102,000 plus losses in the form of interest that would have accrued with proper investment and periodic reinvestment.
4. Wise learned of Montgomery’s deception in 1999, when he inquired as to the location of certificates of deposit.
5. In October 1999, Wise discovered that his life savings were missing.
6. On November 8,1999, Wise obtained confirmation from Trustmark Bank of a money transfer, in the amount of $89,101.90.
*882 7. Between October and December 1999, Wise made repeated attempts to communicate with Montgomery to no avail. On November 6, 1999, Wise spoke to Montgomery, but he failed to account for the funds.
8. On or about December 29, 1999, Wise wrote Montgomery to request authorization that would allow the bank to disclose bank transactions or investments purchased with the money transfer from Trustmark’s and U.S. Global’s funds or issue him a power of attorney to allow Wise to obtain the information on the missing money. Montgomery failed to respond.
9. On or about November 2, 2000, Wise filed a complaint with the State Bar of Texas. Montgomery failed to respond to the disciplinary proceedings.
¶ 4. As a result of his disbarment in Texas, the Mississippi Bar initiated disciplinary proceedings against Montgomery under Rule 13 of the Mississippi Rules of Discipline. Montgomery did not respond to the complaint.
¶ 5. Pursuant to Rule 13 of the Mississippi Rules of Discipline, the extent of the final discipline that can be imposed may be less or more severe that the discipline imposed by the jurisdiction. Having carefully and fully considered the Bar’s complaint, the Court finds that disbarment is appropriate.
¶ 6. IT IS THEREFORE, ORDERED that, based on Rule 13 of the Mississippi Rules of Discipline, William S. Montgomery is disbarred from the practice of law in the State of Mississippi. The disbarment is effective on the date of the entry of this Order.
¶ 7. IT IS FURTHER ORDERED that the Clerk of the Court shall mail certified copies of this order to the Clerks of the Supreme Court of the United States, the United States Court of -Appeals for the Fifth Circuit, the United States District Courts for the Northern and Southern Districts of Mississippi.
¶ 8. IT IS FURTHER ORDERED the Clerk of the Court shall send, via certified mail, copies of this Order to William S. Montgomery and to the Mississippi Bar.
¶ 9. SO ORDERED, this the 18th day of August, 2004.
/s/ Chuck Easley CHUCK EASLEY, JUSTICE FOR THE COURT
DIAZ, J., NOT PARTICIPATING.